A CERTIFIED TRUE COPY
ATTEST
By Dana Stewart on Aug 18, 2008
FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Case 5:07-cv-00098-BRW Document 27 Filed 09/02/08 Page

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Aug 18, 2008

FILED
CLERK'S OFFICE

2:07-CV-00098 WRW
FILED
SEPTEMBER 2, 2008

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: PANACRYL SUTURES
PRODUCTS LIABILITY LITIGATION                    MDL No. 1959

## TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiff in one action pending in the Eastern District of Louisiana moves, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation. Movant represents that plaintiffs in the other pending actions support this motion. Common manufacturing defendants[1] oppose centralization. If the Panel deems Section 1407 centralization to be appropriate, these defendants suggest centralization of only the putative class actions in the District of New Jersey.

This litigation presently consists of nine actions listed on Schedule A and pending in five districts as follows: four actions in the District of New Jersey, two actions in the Eastern District of North Carolina, and one action each in the Eastern District of Arkansas, the Central District of California, and the Eastern District of Louisiana.

On the basis of the papers filed and hearing session held, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of North Carolina will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Whether each action is a purported class action or brought individually, all actions share factual questions relating to the manufacture and sale of allegedly defective Panacryl sutures which caused serious tissue reactions and infections in individuals throughout the United States. Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

Given that this litigation involves nine actions pending in federal districts throughout the United States, we have decided to centralize this docket in the Eastern District of North Carolina, where two actions are pending and which, in the past, has been underutilized as a transferee district.

---

[*] Judge Heyburn took no part in the disposition of this matter.

[1] Johnson & Johnson and its two wholly-owned subsidiaries, Johnson & Johnson Health Care Systems, Inc., and Ethicon, Inc.

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of North Carolina are transferred to the Eastern District of North Carolina and, with the consent of that court, assigned to the Honorable Terrence William Boyle for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
J. Frederick Motz
Acting Chairman

John G. Heyburn II, Chairman[*]   Robert L. Miller, Jr.
Kathryn H. Vratil                  David R. Hansen

**IN RE: PANACRYL SUTURES**
**PRODUCTS LIABILITY LITIGATION**                 MDL No. 1959

## SCHEDULE A

      Eastern District of Arkansas

James C. Bishop, et al. v. Johnson & Johnson, et al., C.A. No. 2:07-98

      Central District of California

Christine L. Bledy, et al. v. Johnson & Johnson, et al., C.A. No. 2:07-3758

      Eastern District of Louisiana

Losanna Truxillo v. Johnson & Johnson, et al., C.A. No. 2:07-2883

      District of New Jersey

Alyssa Johnson, et al. v. Johnson & Johnson, et al., C.A. No. 3:08-930
Denise Rondot v. Johnson & Johnson, et al., C.A.. No. 3:08-931
Maureen Thompson v. Johnson & Johnson, et al., C.A. No. 3:08-932
Sandra Vermilyea, et al. v. Johnson & Johnson, et al., C.A. No. 3:08-933

      Eastern District of North Carolina

Lisa M. Locklear v. Johnson & Johnson, et al., C.A. No. 7:07-101
Perlene Herring v. Johnson & Johnson, et al., C.A. No. 7:08-2